IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**
AUG 31 2015
DAVID CREWS, CLERK
By_____ Deputy

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 1:15CR015-GHD-DAS

SCOTTY MASK

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Indictment, which charges that the defendant, did unlawfully, knowingly and intentionally conspire and agree with Tamatha D. Lamb, who is not charged in this Indictment, and with other persons both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a) and 841(b)(1)(C), which carries maximum possible penalties of not more than 20 years imprisonment, not more than a $1,000,000 fine, or both, at least 3 years supervised release, ineligibility for federal benefits up to 5 years after conviction, and a $100 special assessment. With respect to a defendant having a prior felony drug conviction and consistent with the provisions of 21 U.S.C. § 851, maximum possible penalties of not more than ~~40~~ 30 years imprisonment, not more than a ~~$5,000,000~~ $2,000,000 fine, or both, at least 6 years supervised release, ineligibility for federal benefits up to 10 years after

[handwritten initials: SDM, RAM, PWD]

conviction, and a special assessment of $100.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. MONETARY PENALTIES: The defendant agrees not to object to the District Court ordering all monetary penalties (including but not limited to special assessment, fine, court costs, and restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable immediately, the defendant also agrees not to object to the District Court imposing a schedule of payments as merely a minimum schedule of payments and neither the only method nor a limitation on the methods available to the United States to enforce the judgment. The defendant further agrees that any monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

5. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

6. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all

statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

7. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the **26th** day of **August**, 2015.

FELICIA C. ADAMS
United States Attorney

**AGREED AND CONSENTED TO:**     **APPROVED:**

SCOTTY MASK
Defendant

ROBERT W. DAVIS, JR.
Attorney for Defendant
Mississippi Bar No. /0411